UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,                                                                    09 CIV 10578

                          Plaintiff(s),

                                                              **NOTICE OF REMOVAL**

    -against-

FRED HAGEN, Chief Benefits Officer,                            **ECF Case**
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
BOARD OF TRUSTEES OF THE 1199SEIU         Removed from Supreme Court
BENEFIT FUND FOR HEALTH AND                      of the State of New York,
HUMAN SERVICE EMPLOYEES,                             New York County,
                                                              Index No. 117320/09

                        Defendant(s).
-------------------------------------------------------------------X

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1441 and 1446, Defendant 1199SEIU National Benefit Fund for Health & Human Service Employees ("Fund")(misnamed "Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health & Human Service Employees") hereby removes the above captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of its notice and grounds for removal, the Fund states as follows:

1.     This Notice of Removal is timely filed under 28 USC § 1446(b), which provides that a notice of removal must be filed within 30 days thereafter.

2.     On December 16, 2009, the Fund was served with a Complaint attached as Exhibit 1, styled *Alec J. Megibow, MD, a/a/o Jennie Rosario a/k/a Jenny Rosario, 08 CV 519 NDNY v. Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health & Human Service Employees*, Index No. 117320/09, in the Supreme Court of the State of New York, County of New York (the "Second Case").

15085-1

3. The instant case is related to a civil case now pending in the Southern District of New York: On July 14, 2009, Plaintiff had served the Fund was served with a Complaint, styled *Alec J. Megibow, MD, a/a/o Jennie Rosario a/k/a Jenny Rosario 08 CV 519 NDNY v. Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health & Human Service Employees*, Index No. 106627/09, in the Supreme Court of the State of New York, County of New York, asserting a claim against the Fund arising out of the Fund's alleged breach of agreement and failure to pay claims for healthcare benefits incurred in or around July of 2007, totaling $120,000.00 ("the First Case").

4. Pursuant to 28 U.S.C. § 1446(b), written notice of the filing of this Notice of Removal will be provided to Plaintiff.

5. The Fund is a trust fund and employee welfare benefit plan, with its principal place of business located at 330 West 42nd Street, New York, New York, 10036.

6. This Court ruled that it had has subject-matter jurisdiction over the First Case pursuant to 28 U.S.C. § 1331 and 1441 in that all or part of the relief being sought by Plaintiff(s) in the Complaint arises under the laws of the United States, including without limitation 29 U.S.C. § 1001 et seq.

7. Plaintiff's instant complaint is so related to the claims Plaintiff asserted in its First Case that it form part of the same case or controversy.

8. This Court has already ruled it has original and supplemental jurisdiction over the First Case.

9. Section 1367 states that if district courts have original jurisdiction over a claim, they also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Section 1367(a).

10. Plaintiff challenged the removal of the First Case, twice, relying on the same argument that is presented in the instant complaint, but this Court found that the removal was proper.

11. Plaintiff's new case, the instant case captioned above ("the Second Case") is attempting to re-litigate the same issue, i.e., whether removal was proper. In fact, Plaintiff expressly refers to the First Case, existing in SDNY, as the event giving rise to the Second Case.

12. Also according to Plaintiff, both the First Case and the Second Case allege a breach of the same Agreement. Plaintiff's Second Case alleges that Defendant breached an Agreement by removing the First Case, which Plaintiff describes as a complaint for breach of the same Agreement. To the extent Plaintiff has or had a state law claim pertaining to the Agreement, which he claims was part of his original complaint, or which he would like to add, this Court has the power to adjudicate ancillary state law claims and apply governing state law as appropriate.

13. Removal to the United States District Court for the Southern District of New York is proper 28 U.S.C. § 1441(a), for the foregoing reasons, and as this is the federal district court for the district division where the Plaintiff's related matter against the Fund is currently pending, and the district division embracing the place where the instant state court suit is pending.

14. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1441(c) because it concerns a federal question under 28 U.S.C. § 1331.

15. By filing this Notice of Removal, the Fund does not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

Dated: December 28, 2009

Respectfully Submitted,

1199SEIU National Benefit Fund

By: _____
Suzanne A. Metzger
Assistant General Counsel
Legal Department
330 West 42nd Street, 31st Floor
New York, NY 10036
(646) 473-6041 (phone)
(646) 473-6049 (facsimile)

To:
Anthony M. Bentley
A.M. Bentley, P.C.
116 West 72nd Street
New York, NY 10023
Attorneys for Plaintiff

15085-1

3