IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., **as assignee of**
**Jennie Rosario, a/k/a Jenny Rosario,**
**08 CV 519 NDNY,**

                 Plaintiff,

                 v.

Fred Hagen, Chief Benefits Officer,

1199SEIU BENEFIT & PENSION FUNDS,
**as duly authorized designee of the**
**Board of Trustees of the 1199SEIU**
**Benefit Fund for Health and Human**
**Service Employees,**
                 **Defendant.**
---------------------------------------------------------------X

ECF CASE

CASE NO. 09 CV 10578
(AKH)(RLE)

NY COUNTY
CLERK INDEX
NO. 117320/09

# PLAINTIFF'S MEMORANDUM
# OF LAW IN SUPPORT OF REMAND

/s/Anthony M. Bentley
Anthony M. Bentley   #AB1853
A. M. Bentley, P.C.
Plaintiff's Counsel
116 West 72nd Street
New York  NY  10023-3315
212 459-4067  Fax  877-2868
*eMail: ambentley@nyc.rr.com*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................i

**TABLE OF AUTHORITIES**.............................................................................ii

**POINT I:**
**RISK OF NON-PERSUASION**........................................................................1

**POINT II:**
**AGREEMENT ¶17**...........................................................................................2

**POINT III:**
**DEFENDANT'S WAIVER OF RIGHT TO REMOVE**....................................3

**POINT IV:**
**REQUEST FOR ATTORNEYS' FEES**............................................................4

**POINT V**
**CONCLUSION**.................................................................................................5

TABLE OF AUTHORITIES

*Local 919 v. Centermark Properties*,
30 F.3d 298, 301, (2d Cir. 1994)..........................................................................1

*Macsteel v. M/V Larch Arrow*, 09-0045-cv (2d Cir. 12-1-2009)(**unpubl.**)(at 3)..........................................................................................2

*Yakin v. Tyler Hill*,
566 F.3d 72, 76 (2d Cir. 2009)..............................................................................3

*The Bremen v. Zapata,* 407 U.S. 1, at 13,  [fn14]  (1972)....................3

*Roby v. Corporation of Lloyds*, 996 F2d 1353, 1361 (2d Cir. 1993), *cert denied*, 510 U.S. 945 (1993).................................................................................3

*R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)..........................................................................................................4

*L & L Painting Co. v. Odyssey Contracting Corp.*, 08 CV 3559 (SAS) (S.D.N.Y. 7-22-2008).........................................................................................4

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., **as assignee of**      ECF CASE
**Jennie Rosario, a/k/a Jenny Rosario,**
**08 CV 519 NDNY,**

                                                                     CASE NO. 09 CV 10578
              Plaintiff,                      (AKH)(RLE)

                          v.
Fred Hagen, Chief Benefits Officer,         NY COUNTY
                                                                      CLERK INDEX
**1199SEIU BENEFIT & PENSION FUNDS,**     NO. 117320/09
**as duly authorized designee of the**
**Board of Trustees of the 1199SEIU**
**Benefit Fund for Health and Human**
**Service Employees,**
              Defendant.
---------------------------------------------------------------X

PLAINTIFF'S MEMORANDUM
OF LAW IN SUPPORT OF REMAND

I.
DEFENDANT BEARS
RISK OF NON-PERSUASION

Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper. *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979); *see also* 14A Wright & Miller § 3721, at 209-10 ("[d]efendant always has the burden of establishing that removal is proper"). *Local 919 v. Centermark Properties*, 30 F.3d 298, 301, (2d Cir. 1994).

1

## II.
## ¶17 OF THE AGREEMENT IS A COMBINED FORUM SELECTION/CHOICE OF LAW CLAUSE

In December of last year, the Second Circuit clearly stated:

> Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "The party claiming unreasonableness of a forum selection clause bears a heavy burden; in order to escape the contractual clause, he must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 32 (2d Cir. 1997) (quotation and citation omitted). We perform a four-step analysis to determine whether a forum selection clause requires dismissal of a complaint: (1) whether the clause reasonably communicated to the party resisting enforcement; (2) is the clause mandatory or permissive, that is, "whether the parties are required to bring any dispute to the designated forum or simply permitted to do so;" and (3) whether the claims and parties involved in the suit [are] subject to the forum selection clause. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). If the first three steps in the inquiry are satisfied, then the court turns to the final step, which is "to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 383-844. *Macsteel v. M/V Larch Arrow*, 09-0045-cv (2d Cir. 12-1-2009)(unpub.)(at p. 3).

2

### III.

### IN DRAFTING AND INCORPORATING ¶ 17
### DEFENDANT HAS WAIVED HIS STATUTORY RIGHT TO REMOVE

In May of last year the Second Circuit held:

> "To the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it *waives* a statutory right to remove. *Yakin v. Tyler Hill*, 566 F.3d 72, 76 (2d Cir. 2009)(*emphasis mine*)."

All parties to the Agreement obviously knew what ¶17 said and meant, because, as famously held nearly forty years ago:

> " '[t]the forum clause could hardly be ignored. It is the final sentence of the agreement, immediately preceding the date and the parties' signatures. . . .' 428 F.2d 888, 907." *The Bremen v. Zapata,* 407 U.S. 1, at 13, [fn14] (1972).

Furthermore, it has long been the law in this Circuit that the presence of a forum selection clause drafted by a removing defendant can *trump such party's allegation of federal preemption*:

> "In *Bense v. Interstate Battery System of America,* 683 F.2d 718, 720 (2d Cir. 1982), we held that a forum selection clause that applied to "causes of action arising directly or indirectly from [the agreement]" covered federal antitrust actions. Similarly, the Supreme Court in *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270, *reh'g denied,* 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974), held that controversies and claims 'arising out of' a contract for the sale of a business covered securities violations related to that sale. *Id*. 417 U.S. at 519-20, 94 S.Ct. at 2457." *Roby v. Corporation of Lloyds*, 996 F2d 1353, 1361 (2d Cir. 1993), *cert denied*, 510 U.S. 945 (1993).

3

When a party challenges the removal of an action from state court, the burden falls on the removing party "to establish its right to a federal forum by `competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Moreover,

"If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed.[fn 12] *See United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square,* 30 F.3d 298, 301 (2d Cir. 1994) (citing *R.G. Barry Corp.*, 612 F.2d at 655). *See also Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 531 (S.D.N.Y. 2005); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02 Civ. 9580, 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003)." *L & L Painting Co. v. Odyssey Contracting Corp.*, 08 CV 3559 (SAS) (S.D.N.Y. 7-22-2008).

## IV.

### ATTORNEYS FEES SHOULD BE AWARDED TO PLAINTIFF

It is submitted, therefore that remand is mandatory herein, and that, as defendant was the actual author of the clause requiring remand, defendant should bear the cost of defending the waived statutory right to remove twice utilized by him.

V.

CONCLUSION

      The plain meaning of ¶ 17, annexed to my accompanying Declaration in Support of Remand as Exhibit 2, coupled with the universal rule that language be construed most strongly against the defendant-drafter, mandates removal forthwith to the forum originally selected by plaintiff.

Dated:
New York  NY
January 18, 2010

                      Respectfully submitted,

                      /s/Anthony M. Bentley
                      Anthony M. Bentley    #AB1853
                      A. M. Bentley, P.C.
                      Plaintiff's Counsel
                      116 West 72nd Street
                      New York  NY  10023-3315
                      212 459-4067  Fax  877-2868
                      *eMail: ambentley@nyc.rr.com*