UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ALEC J. MEGIBOW, M.D., as assignee of Jennie : 
Rosario, a/k/a Jenny Rosario, 08 CV 519 NDNY, : **ORDER GRANTING**
: **DEFENDANT'S MOTION TO**
Plaintiff, : **DISMISS AND DENYING**
: **PLAINTIFF'S MOTION TO**
-against- : **REMAND**
:
FRED HAGEN, Chief Benefits Officer, : 09 Civ. 10578 (AKH)
1199SEIU BENEFIT & PENSION FUNDS, as :
duly authorized designee of the BOARD OF :
TRUSTEES OF THE 1199SEIU BENEFIT FUND :
FOR HEALTH AND HUMAN SERVICE :
EMPLOYEES, :
:
Defendant. :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Alec J. Megibow, M.D., brings this claim, as assignee of Jenny Rosario, against Defendant, Ms. Rosario's health plan provider, claiming that Defendant breached an agreement with Plaintiff's assignor by removing an earlier action to federal court. Defendant moves to dismiss the complaint under Rules 12(b)(6) and 12(c)[1] of the Federal Rules of Civil Procedure. Plaintiff moves to remand under 28 U.S.C. § 1447(c).

    On May 11, 2009, Plaintiff instituted an action (the "First Case") in New York State court alleging that Defendant breached an agreement it had entered into with Plaintiff's assignor by failing to pay certain benefits. Defendant removed the case to Federal court on the ground that the Employee Retirement Income Security Act ("ERISA") preempted Plaintiff's claim. Plaintiff moved to remand. This court denied Plaintiff's motion, holding that removal was timely and proper, and that Plaintiff's suit, although not styled as such, was a claim for unpaid benefits against an ERISA fund governed by Federal Law and giving rise to federal question

---
[1] Defendant's motion under 12(c) is improper because the pleadings have not yet closed. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings.").

jurisdiction. Megibow v. Hagen, No. 09 Civ. 6993 (AKH), 2009 WL 274825, at *1 (S.D.N.Y. Aug. 27, 2009). On December 30, 2009, this court granted Defendant's motion to dismiss the First Case on the ground that neither Plaintiff nor his assignor exhausted their administrative remedies. Order Granting Motion to Dismiss, Megibow v. Hagen, No. 09 Civ. 6993 (AKH) (S.D.N.Y. Dec. 30, 2009).

Before this court issued the order dismissing the First Case, Plaintiff instituted this action in New York State court, alleging that Defendant's removal of the First Case breached the agreement between Defendant and Ms. Rosario. Defendant removed this case to Federal court on December 30, 2009, and filed a motion to dismiss the complaint on January 8, 2010. On January 18, 2010, Plaintiff filed a motion to remand.

Plaintiff's motion to remand is without merit. This court has supplemental jurisdiction over Plaintiff's claim under 28 U.S.C. § 1367(a) because it arises from the "same case or controversy" as the underlying case, over which the Court had original jurisdiction. Disputes are part of the same "case or controversy" when they "derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006). When "the facts underlying the federal and state claims substantially overlap[] . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court," the claims derive from a common nucleus of operative fact within the meaning of § 1367. Id.

Plaintiff alleges that conduct in the First Case, namely, Defendant's removal of the suit to federal court, gives rise to the state law breach of contract claim at issue in this suit. Neither the prior dismissal of Plaintiff's ERISA suit, nor the institution of this suit as a distinct action, prevents this court from exercising supplemental jurisdiction. The situation here is analogous to that in Achtman, in which the Second Circuit held that the district court properly exercised

supplemental jurisdiction over a malpractice suit based on a settled securities action. Id. at 335-36; see also Alderman v. Pan Am World Airways, 169 F.3d 99, 101-02 (2d Cir. 1999) (holding that exercise of supplemental jurisdiction over contract dispute based on jurisdiction over settled wrongful death action was proper). Finally, as explained in the discussion of the merits below, nothing in the agreement between Defendant and Ms. Rosario barred removal of the action.

Turning to the merits, Plaintiff fails to state an actionable claim. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff argues that Defendant's removal of the First Case breached the agreement between Defendant and Ms. Rosario. In the First Case, Plaintiff pointed to the same paragraph on which it currently relies to argue that Defendant was contractually barred from removing the suit. Pl.'s Memo in Support of its Motion for Reconsideration and to Declare Default in Pleading at 7, Megibow v. Hagen, No. 09 Civ. 6993 (AKH) (S.D.N.Y. Sept. 8, 2009). The court rejected this argument when it denied Plaintiff's motion for reconsideration. See Order, Megibow v. Hagen, No. 09 Civ. 6993 (AKH) (S.D.N.Y. Sept. 24, 2009).

Although Plaintiff is correct that a forum selection clause can waive a party's right to a federal forum, see, e.g., Bense v. Interstate Battery System of America, 683 F.2d 718, 720 (2d Cir. 1982) ("[Plaintiff] cites no authority for the proposition that he could not waive by contract the Clayton Act's section 12 venue provision, and we are aware of none."), the provision to which Plaintiff points is not a forum selection clause. As Plaintiff states in his complaint, the provision reads: "This Settlement is made and entered into in the State of New York and shall in all respects be

interpreted, enforced, and governed under the laws of said state without giving effect to conflicting laws or provisions thereof." Compl. ¶ 2. The provision is a choice of law clause that does not restrict Defendant's right to a federal forum. Defendant's removal of the First Case did not breach the agreement it signed with Ms. Rosario.

For the reasons stated above, I deny Plaintiff's motion to remand and grant Defendant's motion to dismiss. The Clerk shall mark the motions (Doc # 6 and 8) as terminated and the case as closed.

SO ORDERED.

Dated:   January 26, 2009
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4